**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
_____ District of Delaware
                                 (State)
Case number (*If known*): _____    Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Fleetwood Acquisition Corp.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Fleetwood Fixtures
   Highcountry Millwork

3. **Debtor's federal Employer Identification Number** (EIN)

   46 – 4533051

4. **Debtor's address**

   **Principal place of business**

   111    Logistics Drive
   Number    Street

   _____

   Shoemakersville    PA    19555
   City                State   ZIP Code

   Berks
   County

   **Mailing address, if different from principal place of business**

   4076   Specialty Place
   Number    Street

   _____
   P.O. Box

   Longmont    CO    80504
   City                State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City                State   ZIP Code

5. **Debtor's website** (URL)    http://www.fleetwoodfixtures.com/

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  **Fleetwood Acquisition Corp.**     Case number (*if known*)_____
     <sub>Name</sub>

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    3   3   7   9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When _____ Case number _____
                              MM / DD / YYYY
     District _____ When _____ Case number _____
                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor **(see attached)**_____ Relationship _____
     District _____ When _____
                                  MM / DD / YYYY
     Case number, if known _____

Debtor  **Fleetwood Acquisition Corp.**                                    Case number (*if known*)_____
             Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                                Number        Street

_____

_____    _____    _____
City                                                                                     State         ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor  Fleetwood Acquisition Corp.                     Case number (*if known*)_____
        Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☒ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/04/2019
             MM / DD / YYYY

✗ /s/ Octavio Diaz                                  Octavio Diaz
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✗ /s/ Erin R. Fay                                   Date  11/04/2019
Signature of attorney for debtor                          MM / DD / YYYY

Erin R. Fay
Printed name

Bayard P.A.
Firm name

600    N. King Street, Suite 400
Number    Street

Wilmington                                          DE          19801
City                                                State       ZIP Code

302.655.5000                                        efay@bayardlaw.com
Contact phone                                       Email address

efay@bayardlaw.com                                  DE
Bar number                                          State

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
| --- |
| Fleetwood Acquisition Corp. |
| Fleetwood Industries, Inc. |
| High Country Millwork Inc. |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FLEETWOOD ACQUISITION CORP., | Case No. 19-            (    ) |
| Debtor. | |

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Rules 1007(a)(1) and 7007.1 of the Fed. R. Bankr. P., the following is a list of corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests:

| Shareholder | Percentage of Equity Held |
|---|---|
| Fixture Holdings LP | 93.00% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re

FLEETWOOD ACQUISITION CORP.,

Debtor.

Chapter 11

Case No. 19-        (      )

# **LIST OF EQUITY SECURITY HOLDERS**

Pursuant to 1007(a)(3) of the Fed. R. Bankr. P., the following is a list of entities holding an interest in the above-captioned debtor:

| Name | Mailing Address | Percentage of Equity Held |
|---|---|---|
| Fixture Holdings LP | c/o Grey Mountain Partners<br>1470 Walnut Street, Suite 400,<br>Boulder, CO 80302 | 93.00% |
| Brookside Mezzanine Fund III LP | 201 Tresser Boulevard, Suite 300<br>Stamford, CT 06901 | 4.23% |
| Citizens Bank of Pennsylvania | 525 William Penn Plance, 26th Flr.<br>Pittsburgh, PA 15219<br>(Attn: Joseph F. King)<br><br>with a copy to<br><br>28 State Street<br>Boston, MA 02109 (Attn: Bryan Eger) | 2.23% |
| Michael P. Boyer | 612 Brownsville Rd.<br>Sinking Spring, PA 19608 | 0.42% |
| John Christie | 290 South Woodmont Drive<br>Downingtown, PA 19335 | 0.06% |
| Pamela Gans-Demarest | 120 Governor Markham Dr.<br>Glen Mills, PA 19342 | 0.05% |

{BAY:03426689v1}

**Fill in this information to identify the case:**

Debtor name __Fleetwood Acquisition Corp.__

United States Bankruptcy Court for the: _____    District of __Delaware__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **BLATT CONSTRUCTION INC**<br>8 TUBE DRIVE<br>READING, PA 19605 | ATTN LEGAL<br>P: 610-916-9828<br>F: 610-916-1040<br>tblatt@blattgroup.com | PROFESSIONAL SERVICES | | | | $561,063.04 |
| 2 | **B&L WOOD CREATIONS INC**<br>669 S 1ST AVE STE 100<br>HILLSBORO, OR 97123 | ATTN JON SUESS<br>P: 503-648-6735<br>F: 503-693-1420 | TRADE DEBTS | | | | $455,369.68 |
| 3 | **COMMERCIAL DECOR GROUP**<br>920 MENDOCINO AVE. SUITE 3<br>SANTA ROSA, CA 95401 | ATTN TRAE M SEELY<br>P: 800-844-7040<br>F: 707-526-5193 | TRADE DEBTS | | | | $397,843.11 |
| 4 | **WUXI SENYO WOOD DISPLAY CO.**<br>NO 68, XIHU EAST RD<br>ANZHEN TOWN<br>ANZHEN TOWN, XISHAN DISTRICT<br>214105 CHINA | ATTN LEGAL<br>P: 0086-510-88789595<br>F: 0086-510-88786555<br>vivian.zhang@senyometal.com | TRADE DEBTS | | | | $273,127.14 |
| 5 | **AMERICAN EXPRESS**<br>200 VESEY STREET<br>NEW YORK, NY 10285-3106 | ATTN LEGAL<br>P: 212-640-2000<br>F: | TRADE DEBTS | | | | $251,575.82 |
| 6 | **INNER GLOBAL INC**<br>601 S. FIGUEROA ST.<br>SUITE 4050<br>LOS ANGELES, CA 90017 | ATTN LEGAL<br>P: 626-695-8758<br>F: | TRADE DEBTS | | | | $177,235.00 |

Debtor    Fleetwood Acquisition Corp.
          Name

Case number (*if known*)_____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 7 | **CML CUSTOM METAL LIMITED**<br>47 ORTONA COURT<br>CONCORD, ON L4K 3M2 CANADA | ATTN PATRICK MEDAHIAN<br>P: 905-761-6868<br>F: 905-761-6882 | TRADE DEBTS | | | | $167,883.00 |
| 8 | **AXIS GLOBAL SYSTEMS, LLC**<br>5901 WEST SIDE AVENUE, SUITE 503<br>NORTH BERGEN, NJ 07047 | ATTN LEGAL<br>P: 718-458-3666<br>F: 908-967-5295 | TRADE DEBTS | | | | $164,751.35 |
| 9 | **ROY METAL PRODUCTS INC**<br>52 MORIGEAU BLVD.<br>SAINT-FRANCOIS DE LA RIVIERE DU SUD, QC G0R 3A0 CANADA | ATTN FRANCIS ROY, ROBERT MORENCY & BRIGITTE SAVOIE<br>P: 800-297-2711<br>F: 418-259-7449 | TRADE DEBTS | | | | $152,116.49 |
| 10 | **LEO D. BERNSTEIN & SONS, INC.**<br>151 WEST 25TH ST.<br>NEW YORK, NY 10001 | ATTN LEGAL<br>P: 212-337-9578<br>F: 212-337-9579<br>solutions@bernsteindisplay.com | TRADE DEBTS | | | | $144,936.10 |
| 11 | **YUNKER INDUSTRIES, INC.**<br>310 O'CONNOR DR.<br>ELKHORN, WI 53121 | ATTN LEGAL<br>P: 877-798-6537<br>F: 262-723-3340 | TRADE DEBTS | | | | $144,107.18 |
| 12 | **AIRE RIDE TRANSFER INC**<br>595 SHREWSBURY AVE.<br>SUITE 204<br>SHREWSBURY, NJ 07702 | ATTN PETE POLLINI<br>P: 800-782-3568<br>F: | TRADE DEBTS | | | | $137,682.00 |
| 13 | **RAPID MANUFACTURING INC**<br>4347 ANDERSON HIGHWAY<br>POWHATAN, VA 23139 | ATTN LEGAL<br>P: 804-598-7467<br>F: 804-598-7521 | TRADE DEBTS | | | | $125,653.36 |
| 14 | **SKYFRAME & ART, INC.**<br>28 EVANS TERMINAL<br>HILLSIDE, NJ 07205 | ATTN LEGAL<br>P: 908-354-5656<br>F: 212-941-6048 | TRADE DEBTS | | | | $119,620.00 |
| 15 | **EPICOR SOFTWARE CORPORATION**<br>804 LAS CIMAS PARKWAY<br>AUSTIN, TX 78746 | ATTN LEGAL<br>P: 800-999-1809<br>F: 512-328-3757 | TRADE DEBTS | | | | $114,608.49 |

Debtor  Fleetwood Acquisition Corp.
            Name

Case number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | **NICONAT MFG CORP**  2624 YATES AVE  COMMERCE, CA 90040 | ATTN LEGAL  P: 323-721-1900 X310  F: | TRADE DEBTS | | | | $113,966.72 |
| 17 | **CARGOTRANS INC.**  ATTN ANTHONY DEFILIPPIS  170 EAST SUNRISE HIGHWAY  VALLEY STREAM, NY 11581 | DBA MARITRANS SHIPPING  P: 516-593-5871  F: 516-593-8404 | TRADE DEBTS | | | | $95,826.95 |
| 18 | **PEGASUS LOGISTICS GROUP, INC.**  306 AIRLINE DRIVE, SUITE 100  COPPELL, TX 75019 | ATTN BARBARA WOOLEY  P: 469-671-0300  F: 469-671-0317 | TRADE DEBTS | | | | $93,452.26 |
| 19 | **SADDLEBACK DISTRIBUTING, LLC**  5460 W. CARYL AVE  LITTLETON, CO 80128 | ATTN STEVE WARREN  P: 303-482-0780  F: | TRADE DEBTS | | | | $90,571.00 |
| 20 | **DILLMEIER ENTERPRISES INC**  2903 INDUSTRIAL PARK ROAD  VAN BUREN, AR 72956 | ATTN PHYLLIS COOPER & GARRET AMES  P: 479-474-7733  F: 479-474-7734  pcooper@dillmeierglass.com | TRADE DEBTS | | | | $89,496.69 |
| 21 | **RADIANT GLOBAL LOGISTICS, INC.**  405 114TH AVENUE SE, 3RD FLOOR  BELLEVUE, WA 98004 | ATTN CLARA THOMAS & NEIL GROSS  P: 425-462-1094  F: 425-462-0768 | TRADE DEBTS | | | | $86,528.35 |
| 22 | **SITELINE CARPENTRY**  14815 SOUTH MCKINLEY AVE.  POSEN, IL 60469 | ATTN TOM FRANGELLA - PRESIDENT  P: 708-388-1920  F: 708-388-1941  tfrangella@sitelineinc.com | TRADE DEBTS | | | | $80,137.00 |
| 23 | **D&C METALWORKS**  281 EAST 55TH AVENUE  DENVER, CO 80216 | ATTN DAVE CHRISTOPHER  P: 303-789-3733  F: | TRADE DEBTS | | | | $70,755.98 |
| 24 | **SIERRA FOREST PRODUCTS**  5825 HAROLD GATTY DRIVE  SALT LAKE CITY, UT 84116 | ATTN MICHELLE HIGHLAND  P: 801-972-3377 X3226  F: 801-972-3397 | TRADE DEBTS | | | | $66,282.56 |

Debtor   Fleetwood Acquisition Corp.  
         Name

Case number (*if known*)_____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 25 | **HOLIDAY FOLIAGE, INC.** 2592 OTAY CENTER DRIVE SAN DIEGO, CA 92154 | ATTN LEGAL P: 619-661-9094 F: 619-661-8382 | TRADE DEBTS | | | | $62,785.46 |
| 26 | **RKL LLP** 1800 FRUITVILLE PIKE LANCASTER, PA 17601 | ATTN LEGAL P: 717-394-5666 F: 717-394-0693 | PROFESSIONAL SERVICES | | | | $58,764.55 |
| 27 | **KLINE BROTHERS** 10083 ALLENTOWN BLVD GRANTVILLE, PA 17028 | ATTN GLENN & ROB P: 717-469-0137 F: 717-469-2371 klinebros@comcast.net | TRADE DEBTS | | | | $58,639.16 |
| 28 | **AIR CENTER INC** 6373 WINSIDE DRIVE BETHLEHEM, PA 18017 | ATTN LEGAL P: 610-837-6700 F: 610-837-6100 | TRADE DEBTS | | | | $58,524.04 |
| 29 | **ET2C INTERNATIONAL LTD.** UNIT 07, 28/F GREENFIELD TOWER, CONCORDIA PLAZA KOWLOON, HONG KONG | ATTN LEGAL P: 852-23-101-0700 F: hongkong@et2cint.com | TRADE DEBTS | | | | $55,064.15 |
| 30 | **SEYMOUR & ASSOCIATES** 5542 MOONSHADOW ST. SIMI VALLEY, CA 93063 | ATTN LEGAL P: 805-955-9421 F: 805-955-9424 | TRADE DEBTS | | | | $55,000.00 |

**Fill in this information to identify the case and this filing:**

Debtor Name  Fleetwood Acquisition Corp.

United States Bankruptcy Court for the  District of Delaware

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/04/2019          ✗ /s/ Octavio Diaz_____
                MM / DD / YYYY                   Signature of individual signing on behalf of debtor

                                 Octavio Diaz_____
                                 Printed name

                                 Chief Restructuring Officer
                                 Position or relationship to debtor

Official Form 202         **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## ACTION BY WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS OF
## FLEETWOOD ACQUISITION CORP.

*November 1, 2019*

In accordance with Section 141(f) of the Delaware General Corporation Law, the undersigned, being the Board of Directors (the "**Board**") of Fleetwood Acquisition Corp., a Delaware corporation (the "**Corporation**"), hereby takes the following actions and adopts the following resolutions by written consent (this "**Consent**") without a meeting effective for all purposes as of the date set forth above.

WHEREAS, the Board has considered (i) the difficulties the Corporation has experienced recently with regard to the retail fixtures market and certain trade tariffs (ii) the financial and operational aspects of the Corporation's business, (iii) the future prospects and financial performance and condition of the Corporation, (iv) current industry, economic and market conditions and trends in the markets in which the Corporation competes, and (v) the current status of the Corporation in light of the foregoing;

WHEREAS, the Board has received, reviewed and considered the recommendation of senior management of the Corporation and the advice of the Corporation's advisors with respect to the options available to the Corporation, including without limitation, the possibility of pursuing a bankruptcy proceeding under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"),

WHEREAS, the Board having previously delegated to the Restructuring Committee (the "**Committee**") of the Board the authority to, among other things, negotiate the Company's use of any cash collateral of Fixture Holdings, L.P. (the "**Secured Lender**"), or other restructuring transactions or transactions to otherwise address the Company's obligations to the Secured Lender, that may be available to the Company,

NOW, THEREFORE, BE IT RESOLVED, that after consideration of the alternatives presented to it and the recommendations of senior management of the Corporation and the Committee and the advice of the Corporation's professionals and advisors the Board has determined in its business judgment that it is desirable and in the best interests of the Corporation and its creditors, employees, stockholders and other interested parties that a petition be filed in the United States Bankruptcy Court for the District of Delaware by the Corporation seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

RESOLVED FURTHER, that the Corporation's duly elected and presently incumbent Chief Restructuring Officer (the "**Proper Officer**"), be, and hereby is, authorized, empowered, and directed, on behalf of the Corporation and its name (a) to execute, verify and file all documents necessary or appropriate in connection with the filing of the chapter 11 bankruptcy petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings and other papers or documents in connection with the chapter 11 bankruptcy petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the

Corporation's Chapter 11 case (the **"Bankruptcy Case"**); (c) appear as necessary at all bankruptcy proceedings on behalf of the Corporation; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions as adopted herein.

RESOLVED FURTHER, that, subject to approval by the Committee, the Proper Officer of the Corporation is authorized and empowered: (a) to use cash collateral according to terms which may be negotiated by the management of the Corporation with the Secured Lender; (b) to pledge and grant liens on the assets of the Corporation as may be contemplated by or required under the terms of such cash collateral agreement; and in connection therewith and subject to approval by the Committee, the Proper Officer is hereby authorized and directed to execute appropriate cash collateral agreements and related ancillary documents, whether consented to or contested by the Corporation's existing lenders.

RESOLVED FURTHER, that the Proper Officer is hereby authorized to make decisions with respect to all aspects of the management and operation of the Corporation's business including, without limitation, organization, human resources, marketing, asset sales, logistics, finance, administration, oversight, of the prosecution of the Corporation's Bankruptcy Case, including, but not limited to, bankruptcy-related reporting requirements, filing of Statements of Financial Affairs, Schedules of Assets and Liabilities, a chapter 11 plan and related disclosure statement, claims management, managing outside professionals and such other aspects as he may identify, in such manner as he deems necessary or appropriate in his reasonable discretion, consistent with the business judgment rule, subject to appropriate approval and governance by the Committee or the Board, as applicable, in accordance with the Corporation's articles of incorporation and bylaws, applicable laws and the orders of the bankruptcy court.

RESOLVED FURTHER that the Proper Officer is hereby authorized to make decisions with respect to the Corporation's Bankruptcy Case, including, but not limited to, pursuing a sale or restructuring of the Corporation's business or assets.

RESOLVED FURTHER, that the previous retention by the Corporation's management of the law firm of Bayard, P.A. (**"Bayard"**) as bankruptcy counsel, subject to any requisite bankruptcy court approval, to the Corporation to represent and assist the Corporation in connection with its consideration of various insolvency-related obligations and bankruptcy alternatives, and to assist the Corporation in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights in connection therewith, is hereby approved and ratified, and the Proper Officer is hereby authorized and directed to execute and ratify appropriate retention agreements and to cause to be filed an appropriate application for authority to retain the services of Bayard.

RESOLVED FURTHER, that the Proper Officer be, and hereby is, authorized and directed to employ Bankruptcy Management Solutions, Inc. d/b/a Stretto ("**Stretto**") as claims and noticing agent, subject to any requisite bankruptcy court approval, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Proper Officer is hereby authorized and directed to execute appropriate retention

agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of Stretto.

RESOLVED FURTHER, that the Proper Officer is hereby authorized and empowered to employ on behalf of the Corporation any other professionals necessary to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Proper Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Bankruptcy Case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professional, as necessary, and on such terms as are deemed necessary, desirable, and proper by the Proper Officer.

RESOLVED FURTHER, that the Proper Officer is hereby authorized to conduct business operations as he determines to be in the best interests of the bankruptcy estate of the Corporation and the creditors of the Corporation, which may include, but not be limited to, a determination to continue business operations with a view towards reorganizing or selling the Corporation or substantially all of the assets of the Corporation.

RESOLVED FURTHER, that, subject to the foregoing resolutions and requisite approval of the Committee or Board, as applicable, the Proper Officer is authorized and empowered to take on behalf of the Corporation any and all actions, to execute, deliver, certify, file or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Proper Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 proceeding including, without limitation, the opening of new deposit accounts as a debtor-in-possession under the Bankruptcy Code, and the taking of such actions or execution of such documents shall be conclusive evidence of the necessity or desirability thereof.

RESOLVED FURTHER, that any and all actions heretofore taken by the Proper Officer or the Board in the name and on behalf of the Corporation in furtherance of the purpose and intent of any or all of the foregoing resolutions are hereby ratified, confirmed, and approved in all respects.

*General Authority and Ratification*

RESOLVED FURTHER, that the Proper Officer be, and hereby is, authorized and directed, for, in the name and on behalf of the Corporation, to take such steps, to perform all such acts and things, and to prepare, execute, swear to, acknowledge, certify, deliver, and file and record with appropriate governmental authorities or other persons any and all agreements, documents, applications, reports, notices, waivers, consents, certificates, or instruments which are contemplated by this Consent or which may be required by law, or appear to the Proper Officer or legal counsel to the Corporation, to be necessary, convenient, or appropriate to effectuate and consummate the transactions contemplated by the foregoing resolutions, to perform any obligations thereunder in accordance therewith, and to otherwise effectuate the purposes and intents of the foregoing resolutions, such necessity, convenience, or appropriateness to be conclusively evidenced by the taking or performance of any of the foregoing steps, acts and things, executions, filings, and/or recordings.

RESOLVED FURTHER, that any lawful act heretofore taken or caused to be taken by the Proper Officer in connection with the matters contemplated in the foregoing resolutions be, and hereby is in all respects approved, adopted, ratified, and confirmed by the Board as an act of the Corporation.

RESOLVED FURTHER, that this Consent shall be filed with the minutes of the Corporation.

IN WITNESS WHEREOF, the undersigned, being the directors of the Corporation, do hereby execute this written consent as of the date first set forth above.

DIRECTOR:

_____
Jeff Vincent


DIRECTOR:

_____
Wm. Robert Wright II


DIRECTOR:

_____
Christopher Reef

RESOLVED FURTHER, that any lawful act heretofore taken or caused to be taken by the Proper Officer in connection with the matters contemplated in the foregoing resolutions be, and hereby is in all respects approved, adopted, ratified, and confirmed by the Board as an act of the Corporation.

RESOLVED FURTHER, that this Consent shall be filed with the minutes of the Corporation.

IN WITNESS WHEREOF, the undersigned, being the directors of the Corporation, do hereby execute this written consent as of the date first set forth above.

DIRECTOR:

_____
Jeff Vincent


DIRECTOR:

_____
Wm. Robert Wright II


DIRECTOR:

_____
Christopher Reef

RESOLVED FURTHER, that any lawful act heretofore taken or caused to be taken by the Proper Officer in connection with the matters contemplated in the foregoing resolutions be, and hereby is in all respects approved, adopted, ratified, and confirmed by the Board as an act of the Corporation.

RESOLVED FURTHER, that this Consent shall be filed with the minutes of the Corporation.

IN WITNESS WHEREOF, the undersigned, being the directors of the Corporation, do hereby execute this written consent as of the date first set forth above.

DIRECTOR:

_____
Jeff Vincent

DIRECTOR:

_____
Wm. Robert Wright II

DIRECTOR:

_____
Christopher Reef