**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FLEETWOOD ACQUISITION CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12330 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: Feb. 27, 2020 at 10:00 a.m. (ET)<br>Obj. Deadline: Feb. 20, 2020 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

Fleetwood Acquisition Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, by their undersigned counsel, hereby move (the "Motion"), pursuant to section 1121(d) of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 9006 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form annexed hereto as Exhibit A, extending the Debtors' exclusive periods to file a chapter 11 plan or plans (the "Exclusive Filing Period") and to solicit acceptances of such plan(s) (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") for approximately ninety (90) days through and including June 1, 2020 and July 31, 2020, respectively. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Fleetwood Acquisition Corp. (3051), Fleetwood Industries, Inc. d/b/a Fleetwood Fixtures (7530), and High Country Millwork, Inc. (7294). The mailing address for the Debtors, solely for purposes of notices and communications, is: 4076 Specialty Place, Longmont, Colorado 80504.

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper for these proceedings pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief sought in this Motion are 11 U.S.C. §§ 105(a) and 1121(d) of the Bankruptcy Code, together with Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.

**BACKGROUND**

5. On November 4, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request for the appointment of a trustee or examiner has been made in these cases, however, on November 13, 2019, the Office of the United States Trustee ( the "U.S. Trustee") appointed [D.I. 57] an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code.

7.  A more detailed factual background regarding the Debtors and the commencement of these cases is set forth in the *Declaration of Octavio Diaz, Chief Restructuring Officer of Fleetwood Acquisition Corp., et al., in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 13].

8.  The Debtors' Exclusive Filing Period and Exclusive Solicitation Period pursuant to Bankruptcy Code section 1121 currently expire on March 3, 2020 and May 4, 2020,[2] respectively.[3]

## RELIEF REQUESTED

9.  By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, that: (a) the deadline of the Exclusive Filing Period be extended through and including June 1, 2020; and (b) the deadline of the Exclusive Solicitation Period be extended through and including July 31, 2020.  This is the Debtors' first request for an extension of the Exclusive Periods.  The Debtors also request that such extensions be without prejudice to their rights to request further extensions or to seek other appropriate relief.

## BASIS FOR RELIEF REQUESTED

### A. Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods for "Cause"

10.  The exclusive periods under section 1121(b) of the Bankruptcy Code are intended to afford debtors the opportunity to propose a chapter 11 plan and to solicit acceptances of such plan without the deterioration and disruption to the debtors' business operations that might be caused by the filing of competing plans by non-debtor parties.  In circumstances where, as here, the initial Exclusive Periods prove to be an insufficient time frame to confirm a chapter 11 plan,

---

[2] As the Exclusive Solicitation Period expires on Saturday, May 2, 2020, the expiration extends to the following business day pursuant to Bankruptcy Rule 9006(a)(1).

[3] Under Local Rule 9006-2, the Debtors' Exclusive Periods "shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

3

section 1121(d) of the Bankruptcy Code allows the Court to extend the Debtors' Exclusive Periods for "cause."

11.     It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the Court and should be based upon the facts and circumstances of a particular case.  *See 203 N. LaSalle St. P'ship v. Bank of Am., N.A.*, 1999 U.S. Dist. LEXIS 19425, *12 (N.D. Ill. 1999); *First Am. Bank of New York v. Sw. Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).

12.     When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for extending the periods.  Factors considered by the courts in making such a determination have included: (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) whether the debtor is paying its debts as they come due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiating with creditors; (7) the length of time the case has been pending; (8) whether the debtor is seeking the extension to pressure creditors; and (9) whether unresolved contingencies exist.  *See, e.g., Cont'l Cas. Co. v. Burns & Roe Enters., Inc.*, 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002).

13.     The application of these factors to the facts and circumstances of these chapter 11 cases demonstrates that the requested extensions are both appropriate and necessary to afford the Debtors time to file, solicit and confirm a chapter 11 plan.

### B. Cause Exists for an Extension of the Debtors' Exclusive Periods

#### i. The Size and Complexity of these Cases Necessitate Additional Time (Factors 1 and 2)

14. These chapter 11 cases have presented various complex and time-consuming issues, including: evaluating and rejecting certain of the Debtors' executory contracts and unexpired leases, obtaining Court approval authorizing and approving the procedures for the auction and sale of certain of the Debtors' assets, conducting the auction, discontinuing operations in Pennsylvania, and responding to a myriad of other creditor inquiries and demands. These issues have required the full focus of the Debtors and their professionals since the Petition Date. The Debtors' efforts throughout these chapter 11 cases have been focused upon the execution of a comprehensive effort to streamline the Debtors' operations to right-size the Debtors' business with the goal of emerging as a profitable enterprise to service their customers, maintain their employees, and act as a go-forward business partner with their suppliers. In light of the complexity of these chapter 11 cases and the significant progress made thus far, the extensions requested herein are necessary to allow the negotiation, filing, solicitation and confirmation of a chapter 11 plan.

#### ii. The Debtors Have Made Substantial, Good-Faith Progress Toward an Ultimate Resolution of these Cases (Factors 3 and 5, 6, and 8)

15. As described above, in the relatively short duration of these cases, the Debtors have made substantial progress. The Debtors have already conducted and concluded the auction and sale of certain of their assets and ceased operations at the Pennsylvania location. Throughout this process, the Debtors have worked, and continue to work, diligently with the multiple parties, including their prepetition lenders and the Committee. In fact, the Debtors, the prepetition lenders, and the Committee are in the early stages of negotiating the initial terms of a plan of reorganization. The Debtors believe that agreeing on the terms of a plan of reorganization will provide the

framework for the ultimate disposition of these chapter 11 cases. The Debtors have no ulterior motive and are in no way seeking an extension to pressure creditors. Rather, the extensions are sought to negotiate a plan that will have the support of the Committee and all voting classes and will permit the Debtors to emerge as a strong business partner for their many valued customers and suppliers.

16. Finally, extension of the Exclusive Periods for the purpose of filing, soliciting and confirming a plan without the distraction, cost, and delay of competing plans is completely consistent with the goals of the Exclusive Periods. *See In re Texaco, Inc.*, 81 B.R. 806, 809 (Bankr. S.D.N.Y. 1988) (stating purpose of exclusivity is to enable debtors to negotiate plans without undue interruption).

### iii. The Debtors Have and Will Continue to Pay Valid Post-petition Administrative Expenses as They Come Due (Factor 4)

17. Since filing these chapter 11 cases, the Debtors have taken numerous affirmative steps to reduce costs and ensure that valid administrative expenses are paid. These measures include, among other things, evaluating and rejecting certain of the Debtors' executory contracts and unexpired leases (including the proposed rejection of the lease with respect to the Pennsylvania location),[4] discontinuing operations in Pennsylvania, and conducting the auction and sale of certain of the Debtors' assets. The Debtors respectfully submit that, under the relevant facts and circumstances, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of creditors, as the Debtors continue to make timely payment on their undisputed post-petition obligations.

---

[4] On January 31, 2020, the Debtors filed a motion to reject [D.I. 198] the corresponding lease with respect to the Pennsylvania location.

> iv. **The Debtors' Cases Have Been Pending for Less Than Four Months (Factor 7)**

18. Although these chapter 11 cases are less than four months old, they have been quickly progressing towards an orderly and comprehensive conclusion. As set forth above, the Debtors have already made significant steps towards obtaining a resolution in these cases. In light of the relatively short duration of these cases, the Debtors submit that the requested extension is reasonable and appropriate.

### C.  Allowing Exclusivity to Lapse Would Harm the Debtors' Estates

19. Termination of the Exclusive Periods would adversely impact the progress of these chapter 11 cases. Not extending, and thus terminating, exclusivity would permit any party in interest to propose a plan and frustrate the efforts of the Debtors and their principal stakeholders. This would foster a chaotic environment with no central focus and threaten the Debtors' reorganization efforts. Accordingly, the Debtors submit that extending the Exclusive Periods is in the best interests of the Debtors, their estates, and their creditors. Moreover, the Exclusive Periods should be extended for a duration sufficient to ensure that if confirmation of a plan should be denied for any reason, the parties will have sufficient time thereafter to reassess and pursue all alternative options with respect to these chapter 11 cases.

20. Based upon the foregoing, the Debtors respectfully submit that cause exists in these cases to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## **NOTICE**

21. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the U.S. Trustee; (ii) the Committee; (iii) counsel to Fixture Holdings, L.P., in its capacity as administrative agent and lender under Debtors' senior secured credit facilities; and (iv) any other party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the

nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) enlarging the Debtors' Exclusive Filing Period to file a chapter 11 plan or plans through and including June 1, 2020; (ii) enlarging the Debtors' Exclusive Solicitation Period to solicit acceptances of such chapter 11 plan(s) through and including July 31, 2020; and (iii) granting such other and further relief as is just and proper.

Dated:   February 13, 2020
         Wilmington, Delaware

BAYARD, P.A.

*/s/ Gregory J. Flasser*
Erin R. Fay (No. 5268)
Daniel N. Brogan (No. 5723)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email:  efay@bayardlaw.com
        dbrogan@bayardlaw.com
        gflasser@bayardlaw.com

*Counsel for the Debtors and Debtors-in-Possession*